IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEREK ARTHUR TABBERT,

                Plaintiff,

v.

JAY VAN LANEN, JOHN KIND, DYLON RADTKE,
MICHELLE HAESE, WILLIAM SWIEKATOWSKI,
and MICHAEL COLE,

                Defendants.

OPINION and ORDER

20-cv-351-jdp

---

    Plaintiff Derek Arthur Tabbert, appearing pro se, is an inmate at Green Bay Correctional Institution. Tabbert alleges that defendant prison officials enforced a "back of cell" restriction against him even though it was unnecessary. Tabbert sought leave to proceed in forma pauperis, and the court has already concluded that he need not prepay any of the filing fee for this lawsuit. Dkt. 5.

    The next step is for me to screen Tabbert's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers, *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

    I will dismiss Tabbert's complaint because it does not comply with the Federal Rules of Civil Procedure. The "statement of claim" section in his complaint is one sentence: he says that defendants "[kept] him on restrictions that [he] should not be on," which he says violated his

Eighth Amendment rights. Dkt. 1, at 2. He mentions one of those restrictions in the relief section of his complaint, stating that he was placed on a "back of cell" restriction. *Id.* at 5. But he does not explain how he was harmed by the back-of-cell restriction or any other restriction, nor does he explain whether defendants knew that they were harming him. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (prison official violates Eighth Amendment by being aware of a substantial risk of harm to prisoner and disregarding it).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). Tabbert's allegations do not have enough detail for any of the defendants to understand how they harmed him.

I will dismiss Tabbert's complaint for violating Rule 8, and I will give him a short time to file an amended complaint that more clearly explains how defendants harmed him. He should draft his amended complaint as if he were telling a story to people who know nothing about the events at issue. In particular, he should explain how the restrictions harmed him and how he knows that defendants were aware of the harm and disregarded it. If Tabbert fails to respond to this order by the deadline below, I will dismiss the case for his failure to state a claim upon which relief may be granted and I will assess him a "strike" under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Derek Arthur Tabbert's complaint, Dkt. 1, is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until May 27, 2020, to submit an amended complaint.

Entered May 6, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge